UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELI DUNN and COLIN ALLEN,<br><br>  Plaintiffs<br><br>v.<br><br>BRYCE HATCH, an individual; HATCH MARINE ENTERPRISE, LLC, et al,<br><br>  Defendants. | Case No. 1:15-cv-00479-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a second motion to dismiss and strike filed by defendants, Bryce Hatch and Hatch Marine Enterprise, LLC. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion to dismiss the fraud claim and strike any references to punitive damages and claims previously dismissed. Remaining are claims for breach of contract, and a potential claim for sanctions if a forged signature was submitted to the Court.

## BACKGROUND

Plaintiffs were employed by defendants as deckhands aboard the F/V Silver Bullet for the 2013 Bristol Bay (Alaska) salmon season during the months of June and July. They allege that defendant Hatch verbally promised them a ten percent share of the catch.

While the value of the catch is estimated at the time of the vessel's return, buyers typically pay more than the estimate, and the crew is entitled to have this upward "adjustment" added to the value of the catch for purposes of computing the ultimate share due each seaman. The plaintiffs' original complaint alleged that Hatch failed to pay them the full amount due by not including the adjustment in the valuation computation, by falsifying the value of the catch, and by not providing an accurate accounting as required by statute.

Both plaintiffs allege that their agreements were oral in nature and never reduced to writing. This is important because maritime law penalizes ship owners for failing to enter into written contracts by awarding deck hands enhanced damages when they prove that they had only an oral contract, and that it was breached. *See* 46 U.S.C. § 10601; *Seattle-First Nat. Bank v. Conway,* 98 F. 3d 1195, 1198 (9th Cir. 1996) (holding that maritime law "provides a penalty against vessel owners who employ seamen without written agreements in violation of § 10601").

Hatch originally claimed that both plaintiffs had written contracts, but later conceded that plaintiff Allen had only an oral agreement. Hatch continues to allege that plaintiff Dunn has a written agreement, and proffered a contract to plaintiffs' counsel with Dunn's signature affixed. Dunn counters that his signature was forged.

To recover their full wages, plaintiffs originally brought claims for breach of contract and fraud, seeking recovery for (1) wages equal to the highest crew-share paid out of the port of engagement; (2) double wage penalties under state law; (3) punitive

damages under the general maritime law; (4) the sale of the vessel *Silver Bullet* to satisfy the wages and penalties due to plaintiffs; and (5) attorney fees. *See Complaint (Dkt. No. 1)*.

In an earlier decision, the Court (1) dismissed all claims against Bryce Hatch individually; (2) dismissed claims for punitive damages under maritime law – and wage penalties under state law – sought under a breach of contract claim brought under § 10601, § 11107, and §§ 10602(a), (b) & (c); (3) required plaintiffs to amend their complaint to allege the fraud claim with particularity; and (4) granted plaintiffs time to conduct discovery on whether Hatch concealed the payment of an adjustment by the buyer and understated the amount the buyer paid for the catch. *See Memorandum Decision (Dkt. No. 64)*.

After conducting discovery, plaintiffs claim that (1) they found evidence that Hatch understated the amount the buyer paid for the catch; and (2) found no evidence that Hatch concealed the payment of an adjustment by the buyer. *See Notice (Dkt. No. 66)*.

Plaintiffs have now filed their Amended Complaint, and Hatch responded by filing a second motion to dismiss. Hatch seeks to dismiss (1) the fraud claim; and (2) the allegations in the amended complaint that continue to allege claims against Bryce Hatch personally and continue to seek punitive damages for violation of the statutory wage claims. The motions do not affect the breach of contract allegations.

# ANALYSIS

## Fraud

The Amended Complaint contains a single allegation of fraud. It alleges that Hatch forged plaintiff Dunn's signature on a written contract and "mailed the fraudulently altered contract of employment to counsel for the plaintiff in an effort to avoid the consequences of failing to have a written contract of employment as required by 46 U.S.C. § 10601." *See Amended Complaint (Dkt. No. 65) at ¶ 10.* The record contains Hatch's representation to the Court that Dunn "signed an employment contract." *See Hatch Declaration (Dkt. No. 51-2) at ¶ 5; Exhibit C - Crew Contract (Dkt. No. 55-4).* Dunn responds that Hatch forged his signature, and that he never signed that contract. *See Dunn Declaration (Dkt. No. 54-1).* In support, Dunn submitted a report by a handwriting expert concluding that the signature on the written contract proffered by Hatch was "artificially reproduced" – essentially copied and pasted from another contract that Dunn actually did sign. *See Report (Dkt. No. 55-3).*

Submitting a forged document to a court or to counsel constitutes litigation fraud, and subjects the party submitting the forgery to sanctions by the court. *Sun World, Inc. v. Olivarria*, 144 F.R.D. 384 (E.D. Cal. 1992) (court awarded sanctions to plaintiff after finding defendant fabricated documents and gave perjured testimony). But the forgery does not constitute a cause of action for fraud under Idaho law because it arose after the work for which Dunn seeks wages, and Dunn did not rely on it in any way. *Dengler v. Hazel Blessinger Family Trust*, 106 P.3d 449, 453–54 (2005) (identifying the elements of

fraud). Thus, the fraud claim must be dismissed. The issue of forgery remains, however, in two respects. First, if Dunn's written contract was forged, he had a mere oral contract and is entitled to enhanced damages under maritime law. Second, if Dunn's contract was forged, Hatch and/or defense counsel will be subjected to substantial sanctions. Thus, while the dismissal of the fraud claim takes away plaintiffs' last opportunity to collect punitive damages, the forgery issue remains alive in the case and, if proven, would result in enhanced damages and sanctions.

For these reasons the Court will dismiss the fraud claim set forth in paragraph 10 of the Amended Complaint.

**Dismissed Claims**

The Amended Complaint carries forward claims dismissed by the Court in its earlier decision, and it refers to punitive damages in several paragraphs although no claim remains that could support an award of punitive damages. Therefore, the Court will order stricken (1) the reference to personal liability of defendant Bryce Hatch in ¶ 2; and (2) the reference to punitive damages in ¶ 4, 5 & 8

**Conclusion**

The Court will (1) grant the motion to dismiss the fraud claim set forth in paragraph 10 of the Amended Complaint; (2) strike the reference to personal liability of defendant Bryce Hatch in ¶ 2; and (2) strike the reference to punitive damages in ¶ 4, 5 & 8. The breach of contract claims remain, and the issue regarding the forged signature remains as discussed above.

The deadline for dispositive motions and discovery have past, and it appears to the Court that this case is ready for trial on all remaining issues. The Court will order the Clerk to send out a notice of trial setting telephone conference.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss and to strike (docket no. 67) is GRANTED and that (1) the fraud claim contained in paragraph 10 of the Amended Complaint (docket no. 65) is stricken; (2) the reference to personal liability of defendant Bryce Hatch in ¶ 2 is stricken; and (3) the reference to punitive damages in ¶¶ 4, 5 & 8 is stricken.

IT IS FURTHER ORDERED, that the Clerk shall send out a notice of trial setting telephone conference.

DATED: May 8, 2017

B. Lynn Winmill
Chief Judge
United States District Court