UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELI DUNN and COLIN ALLEN,<br><br>    Plaintiffs<br><br>v.<br><br>BRYCE HATCH, an individual; HATCH MARINE ENTERPRISE, LLC, et al,<br><br>    Defendants. | Case No. 1:15-cv-00479-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion by plaintiffs to take an interlocutory appeal, and motions by the defendant Hatch – in limine and for sanctions – that together seek to strike all of plaintiffs' evidence. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the motion to take an interlocutory appeal, and will deny Hatch's motions without prejudice to raise the motions again at trial.

## ANALYSIS

### Motion to Take Interlocutory Appeal

Plaintiffs seek an interlocutory appeal to challenge the Court's dismissal of their claim for punitive damages. The Ninth Circuit has held that an order dismissing a punitive damage count is not a final appealable order. *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991). Given this authority, the motion must be denied.

## Motion in Limine & Motion for Sanctions

In these two motions, Hatch asks the Court to exclude all of plaintiffs' evidence because they failed to comply with the requirements of the Federal Rules. The effect of granting the motions would be to dismiss plaintiffs' action.

Before imposing terminating sanctions, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Where a sanction amounts to a terminating sanction, the Court must also consider whether the noncompliance was willful or in bad faith. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir.2012) ("sanction amounted to dismissal of a claim, [so] the district court was required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, ... and to consider the availability of lesser sanction").

Here, the plaintiffs admit that they failed to provide summaries of their witnesses' testimony. About a month before trial, plaintiffs' counsel did email defense counsel and told him that "[m]y only witnesses will be the two plaintiffs and Hannah McFarland, the handwriting expert (by deposition)." The parties had earlier taken the trial deposition of McFarland. Plaintiffs have also failed to respond to discovery requests and failed to provide initial disclosures.

On the other hand, this is an exceedingly simple case. Hatch has known of the general wage claims of the two plaintiffs for years. About a month ago, the plaintiffs filed their trial brief detailing their simple damage calculations, which were in line with what has been alleged throughout this case. The parties have taken the deposition of McFarland and her testimony will consist of that deposition, nothing more. The Court can find no bad faith or willfulness on the part of the plaintiffs' counsel.

The Court is certainly troubled by the failure of plaintiffs' counsel to follow the Rules. But dismissal is a drastic remedy that does not appear justified at this time; monetary sanctions may be more appropriate, a decision the Court can reserve until after trial. Nevertheless, the Court may need to reevaluate this decision at trial, depending on how the evidence comes in. The Court is therefore denying the motions without prejudice to the right of the defendant to raise the motions again during trial and seek a reconsideration of the Court's ruling.

## ORDER

In accordance with the Memorandum Decision set out above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for interlocutory appeal (docket no. 71) is DENIED.

IT IS FURTHER ORDERED, that the motion for sanctions (docket no. 89) and the motion in limine (docket no. 86) are DENIED.



DATED: November 9, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 4**